IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARK WILLIAM HARRIS, #R6390                                                         PLAINTIFF

VERSUS                                                   CIVIL ACTION NO.   1:10-cv-443-LG-RHW

ANITA CAROL PEARSON                                                                  DEFENDANT

ORDER

Upon consideration of the complaint filed pursuant to 42 U.S.C. § 1983 by the Plaintiff in the above entitled action, the Plaintiff's claims against Defendant Pearson are unclear.  In order to maintain an action pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988).   The Plaintiff fails to specifically state in his complaint facts to support a claim that his constitutional rights were violated by Defendant Pearson.  Moreover, it is unclear from the complaint if Defendant Pearson is a "state actor" as required to maintain this § 1983 civil action.  The Plaintiff further fails to state factual allegations to support his claim of a conspiracy. *See Dayse v. Schuldt*, 894 F.2d 170, 173 (5th Cir. 1990) (In the case of an alleged conspiracy, "'[m]ere conclusory allegations of conspiracy cannot, absent reference to material facts, ' constitute grounds for § 1983 relief.").   Hence, the Plaintiff must provide additional information concerning his complaint.  Accordingly, it is hereby,

ORDERED:

1. That **on or before February 9, 2011**, Plaintiff shall file a written response to:

(a)  specifically state how Defendant Pearson violated Plaintiff's constitutional rights;

(b) specifically state how Defendant Pearson is a "state actor";

(c) specifically state if Defendant Pearson as a bail bondsman "picked up" the Plaintiff and surrendered him to law enforcement;

(d) specifically state if Defendant Pearson as a bail bondsman "picked up" the Plaintiff pursuant to an arrest warrant or did she enlist the help of law enforcement to execute the warrant;

(e) specifically state if Defendant Pearson is being named only because she is the employer of the bail bondsmen who "picked up" Plaintiff and surrendered him to law enforcement; and

(f) specifically state facts to establish that Plaintiff conspired with state actors to violate the Plaintiff's constitutional rights.

2.  **That failure to advise this Court of a change of address or failure to timely comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in this cause being dismissed without prejudice and without further notice to the Plaintiff.**

3.  That the Clerk of Court is directed to mail a copy of this order to the Plaintiff at his last known address.

THIS, the 25th day of January, 2011.

                    *s/ Robert H. Walker*
                    UNITED STATES MAGISTRATE JUDGE