UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


MARK WILLIAM HARRIS                                                    PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:10CV443-RHW

ANITA CAROL PEARSON                                                   DEFENDANT

**ORDER DISMISSING PLAINTIFF'S CLAIMS,
FINDING AS MOOT PLAINTIFF'S MOTION TO COMPEL,
AND DIRECTING DEFENDANT TO RESPOND**

This matter is before the Court on Plaintiff's 42 U.S.C. § 1983 prisoner civil rights

complaint.  Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the instant complaint against

Defendant Anita Carol Pearson alleging assault, unlawful arrest, and deprivation of personal

property.  On April 7, 2011, the Court conducted a screening hearing pursuant to 28 U.S.C.

§ 1915A.  At the conclusion of the hearing, counsel for Pearson moved to dismiss the case

because Pearson is not a state actor and because subject-matter jurisdiction is lacking.

Pearson owns and operates a bail bond business, A-1 Outlaw Bonding.  Subsequent to an

arrest, Plaintiff secured his release on a bond from Pearson's agency.  While out on bond,

Plaintiff inadvertently missed a court date some time in May 2008.  Plaintiff alleges that in July

2008, Pearson's agents/employees acted with gross negligence in disregard for the Plaintiff's

safety when apprehending him.  Counsel for Pearson indicated that the incident occurred on June

27, 2008.

On the date in question, Pearson's agents approached Plaintiff brandishing firearms and

threatening to kill him.  After a struggle, Pearson's agents placed Plaintiff in handcuffs and

confiscated his personal property.  The agents then drove him to a location near the police station

to meet his mother. Plaintiff signed over a check to his mother, after which the agents removed the handcuffs and instructed Plaintiff to go into the police station.

Plaintiff further alleges that Pearson conspired with other individuals to assault Plaintiff while he was incarcerated. Specifically, she attempted to hire Jimmy Dale Fryerson to assault him, but Fryerson notified law enforcement authorities of Pearson's plan. Plaintiff indicates that while incarcerated other inmates attacked him resulting in injuries. Plaintiff believes that this assault occurred at Pearson's request. Plaintiff alleges that Pearson and her agents were arrested and charged with felony kidnaping, armed robbery, and extortion in relation to the events outlined in his complaint. Counsel for Pearson confirmed that certain charges are pending against Pearson and her agents in connection with actions taken against Plaintiff.

At the screening hearing, counsel for Defendant indicated that he would be filing a motion to dismiss based on jurisdictional grounds. Based on this representation, the Court set a motion deadline of April 27, 2011. In an [39] order dated October 21, 2011, the Court noted that Defendant had not yet filed a motion to dismiss; therefore, the Court set a second dispositive motion deadline of December 5, 2011. Despite these two opportunities, Defendant has not filed a motion regarding any jurisdictional issues or the implications of *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200 (5th Cir. 1996) to this lawsuit. Nor has Plaintiff filed any type of dispositive motion. The docket reflects that the parties have conducted discovery subsequent to the screening hearing.

Pursuant to § 1915(e)(2)(B)(ii), the Court "shall dismiss the case at any time" if the action "fails to state a claim on which relief may be granted." Furthermore, pursuant to § 1915A(b)(1), the Court after conducting a screening hearing, shall dismiss a complaint if it "is frivolous,

malicious, or fails to state a claim upon which relief may be granted." The Court has reviewed

Plaintiff's complaint, as well as Plaintiff's statements from the screening hearing, and the Court

finds that he has failed to state a claim upon which relief may be granted.

Although arguably Plaintiff may have stated a sufficient basis for state-law claims, the

only question before the Court in § 1983 analysis is whether Plaintiff has stated a claim of federal

constitutional magnitude against Pearson. The threshold inquiry is whether Pearson and her

agents or employees were "state actors" as required by § 1983. Bail bondsmen are not, as a

general rule, state actors under § 1983, unless the bondsmen act pursuant to a court-issued arrest

warrant or enlist the assistance of law enforcement officials in executing the warrant. *See*

*Landry*, 75 F.3d at 204. In assessing whether a bail bonding agent is a "state actor", the court is

required to make a "fact-bound inquiry," considering the "context in which state action is

alleged." *Id.*

To show state action, the plaintiff must prove that the conduct is fairly attributable to the

state. *See Lugar v. Edmondson Oil*, 457 US. 922, 937 (1982). Fair attribution requires (1) that

the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed

rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged

with the deprivation may be fairly described as a state actor. *Landry*, 75 F.3d at 203-04. In

analyzing the second part of the attribution test, the Court focuses on the following factors: (1)

whether the bondsmen enlisted the assistance of law enforcement in arresting their principals,

and (2) whether the bondsmen had, and displayed, an arrest warrant. *Id.* at 204-05.

Plaintiff does not allege in his pleadings, nor did he testify, that the bonding agents

enlisted the assistance of law enforcement in his arrest. In fact in one of his pleadings, Plaintiff

affirmatively alleges that law enforcement was not enlisted to execute an arrest warrant. *See* dkt. entry [13] at 2. At the screening hearing, Plaintiff also testified that at no time did the bonding agents present an arrest warrant or tell him that his apprehension was pursuant to an arrest warrant.

Under certain circumstances, a bonding agent may be deemed a state actor and thus implicate § 1983. However, in this case, Plaintiff has failed to allege or identify any facts that would lead to such a conclusion. To the contrary, Plaintiff's factual assertions demonstrate that the Defendant in this case was not a state actor because she neither enlisted the assistance of law enforcement agents nor displayed an arrest warrant. Consequently, the Court concludes that Plaintiff's claims against Pearson should be dismissed for failure to state a claim. However, the dismissal of Plaintiff's claims does not end the case, because Defendant has filed a counterclaim alleging frivolous litigation pursuant to Mississippi's Frivolous Litigation Accountability Act. The Court directs Defendant to inform the Court in writing whether she intends to pursue her counterclaim and the jurisdictional grounds for continuing her counterclaim.

There is a pending [43] motion to compel discovery that Plaintiff filed on December 7, 2011, in which he argues that Defendant did not produce documents requested by Plaintiff. The docket reflects that on November 15, 2011, Defendant served responses to requests for production of documents and interrogatories. Moreover, Plaintiff's claims have been dismissed. Thus, it appears that Plaintiff's motion to compel is moot.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's claims be dismissed with prejudice for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that Defendant shall inform the Court in writing no later

than **April 18, 2012**, of her intention to pursue her counterclaim and the jurisdictional basis for pursuing this claim in federal court.  Defendant is cautioned that failure to respond to this Court's order will be deemed an abandonment of the counterclaim and result in its dismissal.

IT IS FURTHER ORDERED that Plaintiff's [43] motion to compel is deemed to be MOOT.

SO ORDERED, this the 4th day of April, 2012.

s/ <i>Robert H. Walker</i>
UNITED STATES MAGISTRATE JUDGE